IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON MCKEIVER, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| J.A. ECKHARD, et al., | : | NO. 15-2337 |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                   November 18, 2015

Before the Court is a *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Shannon McKeiver ("Petitioner"), an individual currently incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania. This matter has been referred to me for a Report and Recommendation. For the following reasons, I respectfully recommend that the petition for habeas corpus be **DISMISSED**.

## I.    PROCEDURAL BACKGROUND

Following a jury trial in the Court of Common Pleas of Montgomery County, Petitioner was convicted of corrupt organizations,[1] corrupt organizations – conspiracy,[2] criminal conspiracy – controlled substances,[3] multiple counts of possession of a controlled substance,[4]

---

[1] 18 Pa. Cons. Stat. § 911(B)(3).

[2] 18 Pa Cons. Stat. § 911(b)(4).

[3] 18 Pa. Cons. Stat. § 903(A)(1)(2).

[4] 35 Pa. Cons. Stat. § 780-113(a)(16).

multiple counts of possession with intent to deliver a controlled substance,[5] criminal use of a communication facility,[6] criminal solicitation – robbery and/or kidnapping,[7] criminal conspiracy – robbery and/or kidnapping,[8] criminal attempt – robbery and/or kidnapping,[9] and possessing an instrument of crime.[10]  (Mem. 1, ECF No. 16-45).  On June 16, 2009, Petitioner was sentenced to an aggregate term of twenty-five to fifty years' imprisonment.  (Op. 3, ECF No. 16-47).  On November 23, 2010, the Superior Court affirmed the judgment of sentence.  (Mem. 2). Petitioner did not seek an allowance of appeal.  *Commonwealth v. McKeiver*, No. CP-46-CR-002863-2008 (Montgomery Cnty. Com. Pl.), Crim. Docket at 34.

On February 7, 2011, Petitioner filed a *pro se* petition for relief under Pennsylvania's Post-Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541, *et seq*. ("PCRA").  *Id.*  Counsel was appointed, and filed an amended PCRA petition, raising ineffective assistance of counsel claims. *Id.* at 34-35; (Pet. for Relief under the Post Conviction Relief Act & Req. for Evidentiary Hr'g 1-7, ECF No. 16-41).  A PCRA hearing was held, and on May 25, 2012, the PCRA Court denied the petition.  Crim. Docket at 36; (Order, ECF No. 16-31).  On February 21, 2013, the Superior Court affirmed, finding the claims to be meritless.  (Mem. 1-5, ECF No. 16-21).  Petitioner did not seek an allowance of appeal.  Crim. Docket at 38.

---

[5]  35 Pa. Cons. Stat. § 780-113(a)(30).

[6]  18 Pa. Cons. Stat. § 7512(A).

[7]  18 Pa. Cons. Stat. § 902.

[8]  18 Pa. Cons. Stat. § 903(A)(1)(2).

[9]  18 Pa. Cons. Stat. § 901.

[10]  18 Pa. Cons. Stat. § 907.

Petitioner filed a second *pro se* PCRA petition on August 2, 2013.[11] (Mot. for Post Conviction Collateral Relief 2, ECF No. 16-19). Petitioner's second PCRA petition was dismissed as untimely. (Order, ECF No. 16-18; Order, ECF No. 16-16). On March 10, 2015, the Superior Court affirmed the PCRA Court's finding that Petitioner's second PCRA petition was untimely. (Mem. 1-9, ECF No. 16-5). Petitioner did not file a petition for an allowance of appeal. Crim. Docket at 40.

On April 22, 2015, Petitioner filed the instant petition for writ of habeas corpus with this Court. (Hab. Pet., ECF No. 1). The habeas petition raises three claims of ineffective assistance of counsel. (*Id.* at ¶ 12). The Commonwealth filed a motion for dismissal and motion to defer further response, arguing that Petitioner's habeas petition is untimely.[12] (Resp'ts' Mot. to Defer Further Resp. to the Pet., ECF No. 15; Resp'ts' Mot. for Dismissal of Untimely Pet. for Writ of Hab. Corpus, ECF No. 14). The habeas petition was assigned to the Honorable Jeffrey L. Schmehl, who referred it to me for a Report and Recommendation. (Order, ECF No. 4).

---

[11] Pennsylvania and federal courts employ the prisoner mailbox rule. *See Perry v. Diguglielmo*, 169 F. App'x 134, 136 n.3 (3d Cir. 2006) (citing *Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. Ct. 1998)); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Under this doctrine, a prisoner's *pro se* petition is deemed filed when delivered to prison officials for mailing. *See Burns*, 134 F.3d at 113; *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (petition deemed filed when given to proper prison authority or placed in a prison mailbox). Nevertheless, it is a prisoner's burden to prove that the doctrine applies by providing evidence for when the petition was placed within a prison mailbox or delivered to prison officials. *See Commonwealth v. Jones*, 700 A .2d 423, 426 (Pa. 1997); *Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. Ct. 2001); *see also Council v. Nash*, 400 F. App'x 680, 682 (3d Cir. 2010). Here, Petitioner's PCRA petition as postmarked on August 2, 2013, and it will be considered filed on this date. (Mot. for Post Conviction Collateral Relief 2, ECF No. 16-19); *see Green v. Coleman*, No. 11-1130, 2011 WL 7444027, at *2 n.3 (E.D. Pa. Aug. 26, 2011). This Court will, of course, apply the mailbox rule to all *pro se* filings in this matter.

[12] Respondents' Motion for Dismissal argues that Petitioner's habeas petition is time-barred. This motion is properly construed as a response.

## II. DISCUSSION

### A. Statute of Limitations

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241 *et seq.* A strict one-year time limitation on the filing of new petitions is set forth in the AEDPA. Under § 2244(d)(1), the AEDPA provides that a one year statute of limitations applies to all petitions brought pursuant to § 2254, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The AEDPA creates a tolling exception, which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the

applicable laws and rules governing filings"). Such a petition is considered "pending" within the meaning of § 2244(d)(2) during the time a state prisoner is pursuing his state post-conviction remedies, including the time for seeking discretionary review of any court decisions, whether or not such review was actually sought. *See Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, the time during which a state prisoner may petition for a writ of certiorari from the denial of a state collateral petition in the Supreme Court of the United States does not toll AEDPA's statutory period. *Stokes v. Dist. Attorney of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001). The timeliness provision in the federal habeas corpus statute is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010).

In this case, the applicable starting point for the statute of limitations is the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Superior Court affirmed Petitioner's judgment of sentence on November 23, 2010. Petitioner then had thirty days to petition the Pennsylvania Supreme Court for an allowance of appeal, which he did not do. Pa. R. App. P. 1113(a). Therefore, Petitioner's judgment of sentence became final on December 23, 2010, when the thirty day period expired. *See id.* Petitioner had one year from that date, or until December 23, 2011, to timely file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The instant habeas petition was filed on April 22, 2015; consequently, unless it is subject to statutory or equitable tolling, it is jurisdictionally time-barred.

      **B.**     **Statutory Tolling**

Petitioner's first PCRA petition statutorily tolled his AEDPA statute of limitations period because it was filed in accordance with Pennsylvania's procedural requirements. Therefore, it

was a properly filed application for state post-conviction relief that tolled AEDPA's one year limitations period. *See* 28 U.S.C. § 2244(d)(2). Petitioner's AEDPA statute of limitations was tolled from February 7, 2011, when he first filed for PCRA relief, until the completion of the collateral review process, on March 23, 2013.[13] *See* 28 U.S.C. § 2244(d)(2) (statute of limitations remained tolled until the completion of the collateral review process).

Forty-six days of Petitioner's AEDPA limitations period had elapsed before Petitioner filed his timely PCRA petition. Therefore, Petitioner had 319 days remaining, or until February 5, 2014, to file a timely § 2254 petition. Because Petitioner did not file the instant habeas petition until April 22, 2015, the petition is time-barred, unless it is subject to further statutory or equitable tolling.

Petitioner's second PCRA petition did not statutorily toll his AEDPA statute of limitations. The Superior Court found that Petitioner's second PCRA petition was untimely, and this Court must defer to this finding. *See Merritt v. Blaine*, 326 F.3d 157, 165-67 (3d Cir. 2003); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of section 2244(d)(2)."). "[A] PCRA petition that is found to be untimely is not considered 'properly filed' for the purposes of § 2244(d)(2) and does not toll the limitations period." *Pereira v. Wingard*, No. 5:14-cv-6582, 2015 WL 4404920, at *4 (E.D. Pa. July 17, 2015) (citing *Pace v. DiGuglielmo*, 544 U.S. 408,

---

[13] During the pendency of this timely-filed appeal, Petitioner's PCRA petition remained "pending" within the meaning of § 2244(d)(2), and therefore his AEDPA statute of limitations continued to be tolled. On February 21, 2013, the Superior Court affirmed the PCRA Court's Order denying the petition. Petitioner had thirty days, or until March 23, 2013, to seek an allowance of appeal, which he did not do. *See* Pa. R. App. P. 1113(a). Therefore, the state court proceedings concluded, and the AEDPA statute of limitations began to run again, on March 23, 2013.

417 (2005)).  Thus, Petitioner's habeas petition is time-barred unless it is subject to equitable tolling.

      **C.**     **Equitable Tolling**

I conclude that Petitioner is not entitled to equitable tolling in this case.  The Supreme Court of the United States has held that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida*, 560 U.S. 631, 634 (2010).  However, equitable tolling should be used, "'only when the principle of equity would make the rigid application of a limitation period unfair.'"  *Merritt*, 326 F.3d at 168 (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)); *see also Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)).  A litigant invoking the doctrine of equitable tolling bears the burden of establishing two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418); *see also Williams v. Beard*, 300 F. App'x 125, 129 n.6 (3d Cir. 2008).

The Third Circuit has recognized three narrow instances in which equitable tolling may be applied:  (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; and (3) if the plaintiff has timely asserted his rights mistakenly in another forum.  *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008) (quoting *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).  Ultimately, "'a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principals as well as the interests of justice.'"  *Jones*, 195 F.3d at 159 (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).

Petitioner has not addressed the applicability of the equitable tolling doctrine to his case. He did not discuss timeliness in his habeas petition, (Hab. Pet. ¶ 18), nor did he submit a respond to the Commonwealth's contention that his petition is untimely.  Therefore, equitable tolling is not appropriate.  *See Holland*, 560 U.S. at 649 (petitioner must show that he is entitled to equitable tolling).  Moreover, I have independently reviewed the record and find nothing to suggest that equitable relief should be granted.[14]  Consequently, I conclude that Petitioner's habeas petition is untimely.

### III. CONCLUSION

I conclude that Petitioner's petition for writ of habeas corpus should be dismissed because it is untimely, and not subject to statutory or equitable tolling.  For the same reasons, I

---

[14] Petitioner argued in state court that his PCRA counsel had abandoned him during his first PCRA proceedings.  (Mot. for Post Conviction Collateral Relief 3, ECF No. 16-19). Petitioner asserted that he had "requested . . . counsel file [his] appeal to the [Pennsylvania] Supreme Court but [counsel] . . . did not file my appeal due to [counsel's] feeling that it would be pointless. [Additionally, c]ounsel did not inform [him] of . . . the Superior Court['s decision, affirming the denial of his first PCRA petition,] until 30 days elapsed." (*Id.*).

An attorney's malfeasance must be egregious to rise to the extraordinary circumstances required for equitable tolling. *Jenkins*, 705 F.3d at 89; *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004).  Counsel's alleged failure to inform Petitioner of the Superior Court's decision until 30 days elapsed and failure to pursue an appeal he thought would be pointless is not egregious conduct.  *See e.g.*, *Cristin v. Wolfe*, 168 F. App'x 508 (3d Cir. 2006) (not precedential) (counsel's alleged failure to inform Petitioner that he was no longer representing her and that he was not filing a petition for allowance of appeal did not justify equitable tolling); *Little v. Smeal*, No. 09-1257, 2009 WL 4021118, at *4 (E.D. Pa. Nov. 19, 2009) (attorney's failure to advise petitioner of the state court's ruling for five months not egregious behavior); *Dodgson v. Nish*, No. 1:CV-08-1420, 2008 WL 5429621, at * (M.D. Pa. Dec. 31, 2008) (counsel's failure to file an allowance of appeal merely attorney error); *Alexander v. Varner*, No. 00-4589, 2006 WL 2945248, at *3 (E.D. Pa. Oct. 11, 2006) ("[c]ounsel's alleged neglect in informing Petitioner of the denial of his allowance of appeal is not an 'extraordinary circumstance."). Accordingly, Petitioner is not entitled to equitable tolling.

recommend that Respondents' Motion for Dismissal of Untimely Petition for Writ of Habeas Corpus be granted and Respondents' Motion to Defer Further Response be denied as moot.

Therefore, I make the following:

**RECOMMENDATION**

AND NOW this __18th__ day of November, 2015, it is respectfully RECOMMENDED that the petition for writ of habeas corpus be DISMISSED with prejudice, without the issuance of a certificate of appealability.

Petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

>                                 BY THE COURT:
>
>
>                                 __/s/ Lynne A. Sitarski__
>                                 LYNNE A. SITARSKI
>                                 UNITED STATES MAGISTRATE JUDGE